UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHEINSCHILD FAMILY TRUST, <br><br> Plaintiff, <br><br> v. <br><br> CASPER J. RANKIN; NATIONSTAR MORTGAGE LLC; U.S. BANK, N.A.; AND BANK OF AMERICA, N.A., <br><br> Defendants. | Case No. 1:15-CV-00194-EJL <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court are numerous motions filed by the parties. Plaintiff has filed a motion for Preliminary Injunction (Dkt. 2), a motion to amend, a motion to stay, a motion for relief pursuant to Fed. R. Civ. P. 56(d) (Dkt. , Defendants have filed motions for judicial notice, to dismiss, for summary judgment, motion to expedite, motion to amend (Dkts. 15, 16, 31, 32, 42, 44, 92). The Court has allowed the briefing to be completed on all pending motions and the parties have filed a notice with the Court indicating that settlement efforts have been unsuccessful. Dkt. 99. Therefore, the pending motions are now ripe for the Court's review.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process

**MEMORANDUM DECISION AND ORDER- 1**

would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit began in federal court on June 6, 2015, when Plaintiff Rheinschild Family Trust (RFT) filed a motion for a temporary restraining order and preliminary injunction to prevent Defendants from conducting the trustee sale of the real property at issue which was scheduled for June 11, 2015, in Ketchum, Idaho. The parties stipulated to postpone the sale until the Court had the opportunity to consider the briefing on the motion for preliminary injunction. Dkt. 12.

RFT filed this action in federal court based on the diversity of the parties and the amount in controversy exceeding $75,000. Complaint, Dkt. 1 at 2.  Plaintiff challenges the Defendants' anticipated trustee sale of certain real property described as 708 North Canyon Run Boulevard, Ketchum, Idaho 83340 (the "Property").[1] The Complaint as well as the Motion for TRO and  Preliminary Injunction were served upon the Defendants on June 5, 2015 and a lis pendens was recorded in Blaine County, Idaho on June 8, 2015. Affidavit of Proper Service Upon Defendants, Dkt. 9.

Successor trustee Rankin executed a Notice of Default on October 28, 2014. Dkt. 2-2, at 120. The Notice of Trustee's Sale originally scheduled the sale of the Property for April

---

[1]The legal description for the Property is:  Lot 29 of SUN VALLEY SUBDIVISION, according to the official plat thereof, recorded as Instrument No. 92929, records of Blaine County, Idaho.

**MEMORANDUM DECISION AND ORDER- 2**

14, 2015 and indicates the amount owing on the obligation secured by the deed of trust as of December 3, 2014 is $9,376,566.15. *Id.* at 122.  Plaintiff sought a loan modification and the trustee sale was postponed. The loan modification request was denied. On June 7, 2015, a Notice of Postponed Trustee's Sale rescheduled the trustee's sale for June 11, 2015. *Id.* at 123. One month later, Plaintiff filed this action to stop the trustee sale one week before the scheduled sale.

RFT has an ownership interest in the Property at issue.[2] Greg Rawlings is the sole trustee for the RFT. It is undisputed that R. William Rheinschild and Erin Ellis Rheinschild, as Trustees for RFT, refinanced the Property in 2006. Mr. Rheinschild executed a Promissory Note (Note) (Dkt. 42-6 copy and 92-2 copy of original signature) in the amount of $6,900,000 which was secured by a  Deed of Trust (Dkt. 2-2, Ex. 6.) executed by Mr. and Mrs. Rheinschild on the Property held by RFT. Dkt. 42-12.

Because notes and deeds of trust are regularly sold by lenders and successor trustees change after execution it is important to understand the order and timing of assignments. This case is no exception as there have been numerous assignments and transfers of interests related to the security instrument and deed of trust that have been publicly recorded.

---

[2]R. William Rheinschild and Erin Ellis Rheinschild, as Trustees of The Rheinschild Family Trust dated May 18, 2001 were grantees to the Property in the warranty deed from Richard Fosbury recorded April, 15, 2003. Dkt. 42-12. William Rheinschild and Erin Ellis Rheinschild, as Trustees of The Rheinschild Family Trust dated May 18, 2001 transferred the Property to R. William Rheinschild, a married man as his sole and separate property, in a warranty deed recorded on November 13, 2006 at 2:02 p.m. Dkt. 42-13. In a warranty deed recorded at 2:05 p.m. on November 13, 2006, R. William Rheinschild transferred the Property back to R. William Rheinschild and Erin Ellis Rheinschild, as Trustees of The Rheinschild Family Trust dated May 18, 2001. Dkt. 42-14.

**MEMORANDUM DECISION AND ORDER- 3**

A. The Deed of Trust on August 26, 2006, identifies Countrywide Home Loans, Inc. (Countrywide) as the lender and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary and nominee for the lender and the lender's successors and assigns. Dkt. 2-2, Ex. 6.  Fidelity National Title was listed as the original trustee in the Deed of Trust. Dkt. 2-2, Ex. 6.

B. On December 14, 2011, MERS assigned the Deed of Trust to U.S. Bank, National Association (US Bank) successor trustee to Bank of America, N.A. (BANA), successor by merger to LaSalle Bank, N.A., as trustee for the Holders of the Thornburg Mortgage Securities Trust 2007-3. Dkt. 15-3.

C. On October 2, 2012, BANA as attorney in fact for US Bank, appointed ReconTrust Company, N.A. (Recon Trust) as successor trustee. Dkt. 15-4.

D. On March 11, 2015, BANA as attorney in fact for US Bank appointed Northwest Trustee Services, Inc. (Northwest) as successor trustee. Dkt. 15-5.

E. On November 18, 2013, BANA as attorney in fact for US Bank appointed Elisa Magnuson (Magnuson) as successor trustee. Dkt. 15-6.

F. Limited Power of Attorney executed on or about March 17, 2014 and recorded on September 10, 2014 between US Bank and Nationstar. Dkt. 32-3. Power of Attorney has a an attached schedule of trusts for which Nationstar is acting as attorney in fact and the schedule of 632 trusts including as number 610, "Thornburg Mortgage Securities Trust 2007-3, Mortgage Pass-Through Certificates Series 2007-3."

**MEMORANDUM DECISION AND ORDER- 4**

F. On October 10, 2014, Nationstar Mortgage LLC (Nationstar) as attorney in fact for US Bank appointed Casper J. Rankin (Rankin) as successor trustee. Dkt. 32-4. Rankin then recorded the Notice of Default on October 29, 2014. Dkt. 32-5. Rankin then recorded the Notice of Trustee's Sale on February 5, 2015. Dkt. 32-6.

Plaintiff does not dispute it is in default on its obligations related to the Property. Instead, Plaintiff claims Rankin does not have proper legal title and cannot issue a valid notice of default on the Property or schedule a trustee sale. Plaintiff's Complaint seeks injunctive relief stopping the trustee sale on June 11, 2015, quiet title, slander of title, violation of Idaho Code § 45-1501, et. seq., and attorneys fees.[3]

## Analysis

### 1. Motions for Judicial Notice

The Court has reviewed the motions for judicial notice filed in this matter and agrees the Court may take judicial notice under Fed. R. Evid. 201 of facts that can accurately and readily be determined from the recorded documents filed with the county related to the Property. These motions shall be granted.

---

[3]A claim for attorney's fees as contained in Count 5 is a general claim for relief based on prevailing on one or more of the other claims, it is not an independent statutory claim for legal relief in this case and as such will not be addressed as a "claim" to subject to the pending motions to dismiss or for summary judgment.

**MEMORANDUM DECISION AND ORDER- 5**

### 2. Motions to Dismiss

The Court will begin its analysis with the motions to dismiss. If Plaintiff cannot successfully defend against these motions, then it is fatal to RFT's motion for preliminary injunction. The Supreme Court clarified the standard for a preliminary injunction to require a plaintiff to show "[1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Therefore, if Plaintiff cannot establish a likelihood of success on the merits, it cannot satisfy the preliminary injunction standard.

A motion to dismiss allows a court "to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of uncessary pretrial and trial activies." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.ed 1157, 1160 (Fed. Cir. 1993). A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *See Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). However, a court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg* at 754-755.

The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). While amendments are liberally permitted under Rule 15(a), the district court may deny leave to amend when there has been an undue delay in bringing the motion, and the opposing party would be unfairly prejudiced by the amendments. *See United States v. Pend Oreille Public Utility Dist. No. 1*, 28 F.3d 1544, 1552-53 (9th Cir. 1994).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Fed. R. Civ. P. 56. *See Jacobsen v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995).

But as *Branch* makes clear, there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch*, 14 F.3d at 453.

**MEMORANDUM DECISION AND ORDER- 7**

## A. Bank of America's Motion to Dismiss

Bank of America, N. A. (BANA) seeks dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(6). RFT concedes in its responsive briefing to the dismissal of Counts I (Injunctive Relief) and IV (Violation of Idaho Code 45-1501, Et. Seq.) of the Complaint to the extent such claims related to BANA as BANA is *not* the party seeking to foreclose and RFT has stipulated to the dismissal of any claims against BANA based on the power of attorney with US Bank. Dkt. 85. Therefore, the Court will grant BANA's motion to dismiss as to Counts 1 and IV and will only address claims set forth as Count 2 (Quiet Title) and Count 3 (Slander of Title).

Plaintiff's quiet title claim fails as to all defendants as RFT does not allege it has tendered (or even has the ability to tender) the balance owing on the debt. *Trusty v. Ray*, 249 P. 2d 814, 817 (1952) ("There is no more firmly established rule than that the liability to pay a mortgage debt rests upon the mortgaged land as well as upon the mortgagor. A mortgagor cannot without paying his debt quite title as against the mortgagee . . . .") (citing *Gerken v. Davidson Grocery Co.*, 296 P. 192, 193 (Idaho 1931). RFT claims it has standing for its quiet title claim in that it is trying to establish security in the title to the Property. This argument is misplaced as RFT's "ownership interest" in the Property is not at issue in this case and RFT has failed to provide case law that supports the court can grant equitable relief from the duty to tender.

**MEMORANDUM DECISION AND ORDER- 8**

If RFT wants to quiet its title in this particular case, it has to pay the outstanding debt on the Property so that no holder of the beneficial interest in the Note and Deed of Trust has any claim to the Property. RFT has failed to tender and this claim must be dismissed not only as to BANA but as to all Defendants. *See Williams v. Bank of America*, N.A., 2012 WL 3286052; *3 (D. Idaho 2012); *Cherian v. Countrywide Home Loans, Inc.,* 2012 WL 2865979, *2 (D. Idaho 2012); *Hobson v. Wells Fargo Bank*, N.A., 2012 WL 505917, *3 (D. Idaho 2012); *Deckys v. BAC Home Loans Servicing LP,* 2013 WL 3081947, *6 (D. Idaho 2013). Additionally, RFT claiming it does not know "who" the true trustee is on the Deed of Trust is unpersuasive in excusing the tender requirement as RFT has not argued in the alternative it will tender the entire debt owed to the Court even if its "confused trustee" theory is accepted by the Court. *See Gilbert v. Bank of America, N.A.* , 2011 WL 4345004, *2 (d. Idaho 2011) ("Without evidence or even an assertion that Plaintiffs can or are willing to tender payment on their loan, they cannot succeed on their quiet title action, as a matter of law."). For these reasons, the quiet title claim will be dismissed as to all defendants.

As to RFT's Slander in Title claim, the Court finds this claim also must be dismissed against all Defendants. "Slander of title requires proof of four elements: (1) publication of a slanderous statement; (2) its falsity; (3) malice and (4) resulting special damages." *McPheters v. Maile*, 64 P.3d 317, 321 (Idaho 2003). "Malice has been generally defined by Idaho courts as a reckless disregard for the truth or falsity of a statement. An action will not lie where a statement in slander of title, although false, was made in good faith with probable cause for believing it." *Weitz v. Green*, 230 P. 3d 743, 754 (Idaho 2010).

**MEMORANDUM DECISION AND ORDER- 9**

Again, the Court finds Plaintiff's legal argument is misplaced. Even if RFT claims that the assignments and appointments of successor trustees were invalid (which the Court does not find as discussed *infra)*, the publicly recorded information regarding the beneficial owner and successor trustees does not include *any* slanderous statements regarding the debt owed and originally taken out by the Rheinschilds. Rankin believes he was validly appointed as trustee of record and RFT has not alleged a vexatious reason for Rankin's actions in the Complaint. Plaintiff was not disparaged because a Notice of Default or Notice of Sale was filed. Plaintiff is in default on the Note and in default on the Deed of Trust regardless of who currently holds the beneficial interest in the Note and Deed of Trust. The purpose of the recording of assignments and appointments is to put RFT and subsequent purchasers on notice of who the owner of the beneficial interest in the original Deed of Trust is and who is currently acting as trustee for said interest.

Moreover, the recorded documents do not contain false statements about the Deed of Trust entered into by the Rheinschilds. Based on the undisputed fact that RFT is in default and has been so for years, the Court finds RFT has failed to even allege facts that could be interpreted to be a slanderous statement about RFT or the Rheinschilds. Nor has RFT alleged the falsity of any slanderous statement about RFT's interest or shown any malice on the part of BANA or any other of the Defendants in the form of reckless disregard for the truth or falsity of any statement in the recorded documents. Nor has RFT alleged with any specificity

damages related to the alleged slander that would not otherwise exist based on RFT's undisputed state of default on the Note at issue in this case. For these reasons, the claim for slander in title must be dismissed as a matter of law against all Defendants.

### 3. Rankin's Motion to Dismiss and Nationstar and US Bank's Motion for Summary Judgment

The Court finds the arguments of Rankin are intertwined with the dismissal arguments of Nationstar and US Bank and it makes the most sense to address the arguments as to all three of these Defendants at the same time.

#### A. Motion for Relief Pursuant to Rule 56(d) and Motion for Stay based on Rule 56(d)

Plaintiff seeks time to conduct further discovery prior to the Court ruling on the pending motion for summary judgment. RFT argues it needs to complete limited discovery to determine if the last known beneficiary of the Deed of Trust, Thornburg Mortgage Securities Trust 2007-3, actually appointed US Bank to act as Trustee thereby giving US Bank authority to appoint Nationstar to service the loan and appoint Rankin to foreclose. The Court respectfully disagrees that any additional discovery is needed as the recorded documents speak for themselves as to the entity who is the beneficiary of the Deed of Trust, trustees for the beneficiary, the servicer who was authorized to appoint a successor trustee, and the current trustee seeking non-judicial foreclosure. The narrow facts of this case do not

MEMORANDUM DECISION AND ORDER- 11

require additional discovery in addition to the recorded documents and related affidavits in order for the Court to rule on the legal issues.

RFT claims the motion for summary judgment was filed prematurely. The Court disagrees and Fed. R. Civ. P. 56 (b) allows a party to file a motion for summary judgment at any time. Therefore, the motion is not premature. The motion is simply referred to as a motion for summary judgment (instead of a motion to dismiss) as there are limited affidavits that must be considered along with the publicly recorded documents to better explain the entity known as Thornburg Mortgage Securities Trust 2007-3 to determine if genuine issues of material fact exist to prevent dismissal. The request for Rule 56(d) relief is denied.

Plaintiff also seeks a stay based on its allegation Thornburg Mortgage Securities Trust 2007-3 is a debtor in bankruptcy and RFT would like to add Thornburg Mortgage Securities Trust 2007-3 as a defendant in this case. The Court has determined it has a sufficient record to address Plaintiff's argument that there is some confusion over the "entity" which holds a beneficiary interest in the Deed of Trust. As discussed in this Order, the Court is satisfied US Bank acts as trustee for the entity Thornburg Mortgage Securities Trust 2007-3 regarding the Deed of Trust at issue in this case. Therefore, there is no need for a stay or additional discovery to clarify this issue.

Moreover, the bankruptcy status of the trust entity with a beneficiary interest is represented by US Bank as trustee and US Bank has granted a limited power of attorney to Nationstar to service deeds of trust related to the beneficiary trust entity. The issue in this non-judicial foreclosure action is whether the trustee has met the requirements under Idaho

**MEMORANDUM DECISION AND ORDER- 12**

law to foreclose. There is no requirement for the trustee seeking to foreclose to establish the status of the trust entity that has an interest in the Deed of Trust at issue. Stated differently, regardless of the status of Thornburg Mortgage Securities Trust 2007-3, US Bank as trustee for the trust entity who granted a power of attorney to Nationstar and Nationstar appointed Rankin, gives Rankin the legal authority to seek to foreclose on the Property due to RFT's undisputed default on the underlying Note and Deed of Trust. Even if Thornburg Mortgage Securities Trust 2007-3 is a debtor in bankruptcy, the bankruptcy estate has an interest in allowing Rankin to seek foreclosure on the undisputed default related to one of the many deeds of trust held by the trust entity known as Thornburg Mortgage Securities Trust 2007-3.

Nor does the Court find the Thornburg Mortgage Securities Trust 2007-3 is a necessary or indispensable party based on Plaintiff's argument US Bank has not proven it has authority from the holder of the beneficial interest in the Deed of Trust to act. The trust entity is not a necessary or indispensable party that needs to be joined as its interests are represented by its trustee in this case US Bank. *See Bergkamp v. New York Guardian Mortgagee Corp.*, 667 F. Supp. 719 (D. Mont. 1987), citing 3A J. Moore, Moore's Federal Practice ¶ 19.08 at 19-175. In this case, the Court can determine who holds the beneficiary interest based on the recorded documents and related affidavits. Moreover, as will be discussed later in this Order, Plaintiff lacks standing in a non-judicial foreclosure action to require the trustee seeking foreclosure to prove the authority of the trustee under Idaho Code § 45-1501, Et seq. For these reasons, the motion to stay is not appropriate in this case and is denied.

**MEMORANDUM DECISION AND ORDER- 13**

**B. Plaintiff's Motion to Strike Affidavit of A. J. Loll**

Plaintiff seeks to strike paragraphs 11 through 16 of the affidavit of A. J. Loll as containing inadmissible evidence not based on personal knowledge. The Court has reviewed Loll affidavit (Dkt. 42-3) and makes the following findings. Loll works for as Vice President for Nationstar and is familiar with the standards within the mortgage servicing industry for naming and classifying mortgage loan investment pools also known as mortgage backed securities. Loll is familiar with the type of records maintained by Nationstar in connection with the loan at issue in this case for which Nationstar is the loan servicer. Loll explains in paragraph 11 that "Mortgage Backed Notes, Series 2007-3" is language used in the mortgage investment industry to describe the same concept as "Mortgage Pass-Through Certificates Series 2007-3."  In paragraph 12 she describes the SEC has assigned Thornburg Trust the Central Index Key (CIK) number of 000114007659 which Loll links to an EDGAR web search. Thornburg Trust is an asset-based investment according to the SEC site. This is consistent with what Rankin's attorney, Ms. Magnuson found when she conducted an EDGAR search. Dkt. 32-7.

Ms. Loll then compares the preliminary prospectus and prospectus supplement found on the SEC website to confirm Thornburg Trust deals in mortgage pass-through certificates or mortgage-backed notes.  Thornburg Mortgage Securities Trust 2007-3 yields only one result which is the Thornburg Trust. Loll then concludes that "Thornburg Mortgage Securities Trust 2007-3" and "Thornburg Mortgage Securities Trust 2007-3, Mortgage Pass-

MEMORANDUM DECISION AND ORDER- 14

Through Certificates Series 2007-3" and "Thornburg Mortgage Securities Trust 2007-3, Mortgage Backed Notes, Series 2007-3" are all the *same* entity.

The Court finds this analysis and research by Loll is based on personal knowledge of the mortgage investment industry in working for Nationstar and Loll's specific SEC searches related to Thornburg Trust. *See Self Reliance v. Ananda Church*, 206 F. 3d 1322, 1330 (9th Cir. 2000) ("Personal knowledge can be inferred from an affiant's position."). The testimony is not based on speculation and her internet searches of the SEC site have been detailed. The SEC information is public information and while numerous pages must be reviewed to find the relevant information for Thornburg Mortgage Securities Trust 2007-2, that does not make the information inadmissible for purposes of summary judgment.

After Loll filed a more detailed Supplemental Affidavit explaining in further detail the SEC search results (Dkt. 56), the Court is satisfied the opinion regarding the trust entity has been substantiated and is subject to rebuttal evidence by Plaintiff, which the Court notes Plaintiff has not produced any contrary affidavit regarding the trust entity. Further, the Court finds Loll's testimony would be admissible at trial under Fed. R. Evid. 701 or 702 whether Nationstar was offering Loll as a lay witness or an expert witness. Nationstar need not designate Loll as an expert for purposes of summary judgment. Instead, Loll's affidavit is sufficient to establish personal knowledge of the affiant based on working in the mortgage industry. The Court will consider both affidavits of Loll for purposes of the motion for summary judgment as well as Rankin's motion to dismiss. The motion to strike is denied.

**MEMORANDUM DECISION AND ORDER- 15**

### C. Rankin''s Motion to Dismiss and US Bank and Nationstar's Motion for Summary Judgment

Defendant Rankin was named as a party in this litigation as he is the current appointed trustee of the Deed of Trust the beneficiary is seeking to foreclose with regard to the Property. Rankin moves to dismiss under Fed. R. Civ. P. 12(b)(6) based on RFT's failure to state a claim upon which relief can be granted as no trustee sale has yet occurred so there can be no violation of Idaho Code § 15-1501, Et seq., that is actionable. RFT responds that Rankin does not hold legal title to the Property as trustee and therefore, cannot legally foreclose upon it. This argument is based on the premise that Rankin is not the authorized trustee so if a sale is held, the subsequent purchaser at the sale cannot obtain clear title to the Property. Nationstar and US Bank move for summary judgment on all claims.

The Court has previously determined that the quiet title and slander of title claims are dismissed as to all defendants, so the Court will focus on Count IV the alleged violation of Idaho Code non-judicial foreclosure statutes. Count 1 is not a substantive claim, instead it is a type of relief for the other alleged claims.

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can]

**MEMORANDUM DECISION AND ORDER- 16**

be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *See id*. at 248.

The moving party is entitled to summary judgment if that party shows that each  issue of material fact is not or cannot be disputed. To show the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the materials cited do not establish the presence of a genuine dispute, or that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)&(B); *see T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 322). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3).

Material used to support or dispute a fact must be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Affidavits or declarations submitted in support of or opposition to a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

**MEMORANDUM DECISION AND ORDER- 17**

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences which can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(e)(3) authorizes the Court to grant summary judgment for the moving party "if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it." The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

The Court will begin by discussing the status of trustee on the Deed of Trust. In reviewing the publicly recorded documents in the record, the Court finds MERS, acting as nominee for Countrywide, had authority to convey the beneficial interest under the Deed of Trust to US Bank (as trustee for Thornburg Mortgage Securities Trust 2007-3). The Deed of Trust disclosed to Mr. and Mrs. Rheinschild, MERS' role as beneficiary and nominee of the lender, and the lenders successors and assigns. In executing the Note and Deed of Trust documents, the Rheinschilds agreed "MERS holds only legal title to the interests granted by Borrower in this security instrument, but if necessary to comply with law or custom, MERS (as nominee for Lender [Countrywide] and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclosure

**MEMORANDUM DECISION AND ORDER- 18**

and sell the Property; and take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument."

A deed of trust is "given to secure an obligation to the beneficiary and for the benefit of the beneficiary." *Edwards v. Mortgage Electronic Regsitration Systems, Inc.*, 300 P. 3d 43, 48 (Idaho 2013). Under the terms of the Deed of Trust at issue, RFT cannot now claim it did not have notice of the change in beneficiary or that the transfer was in violation of the terms of the Deed of Trust as the Court finds all of the assignments and appointments of successor trustees were publicly recorded and provided notice to RFT and subsequent purchasers. The Deed of Trust provided for assignments to occur and that is exactly what happened in this case. MERS clearly assigned the beneficial interest in the Deed of Trust to US Bank as trustee for the holders of Thornburg Trust Mortgage Securities 2007-3 on December 14, 2011, which was recorded on December 19, 2011, Dkt. 15-3.

Plaintiff contends BANA could not appoint Recon Trust, Northwest or Magnuson as successor trustees under the Deed of Trust as the power of attorney between US Bank and BANA to act as US Bank's attorney in fact was not publicly recorded pursuant to Idaho Code § 55-806 which requires "[a]n instrument executed by an attorney in fact must not be recorded until the power of attorney authorizing the execution of the instrument is filed for record in the same office."

This argument is a red herring. First, RFT is not proceeding against BANA for a violation of Idaho Code § 45-1501 Et seq. so it is immaterial that BANA did not record the Power of Attorney it executed with US Bank. In fact, Plaintiff stipulated to the dismissal of

**MEMORANDUM DECISION AND ORDER- 19**

claims against BANA based on the power of attorney with US Bank. Dkt. 85.

Second, the Power of Attorney between US Bank and Nationstar was recorded and it is Nationstar (not BANA) that appointed Rankin as trustee. Since it is Rankin that filed the Notice of Default and Notice of Trustee's Sale, RFT's argument regarding the failure to record the power of attorney agreement simply does not apply to challenge Rankin's authority.

Third, an appointment of successor trustee is legally valid between the parties to the appointment even if the power of attorney was not recorded. *Purdy v. Bank of America*, 2012 WL 4470938, *5 (D. Idaho 2012). This is because the purpose of the recording statute is provide notice to *subsequent purchasers* and a failure to record does not void the agreement between the parties entering a contract. The power of attorney agreement is a contract and is legally enforceable and valid between the parties, US Bank and BANA. Since RFT was not a party to the power of attorney agreement, it cannot collaterally challenge the validity of the power of attorney between US Bank and BANA. Any action taken pursuant to the power of attorney contract by BANA in appointing successor trustees is a legally valid action under these circumstances. Simply put, the failure to record the power of attorney by BANA and US Bank does not invalidate the appointments of interim successor trustees of which RFT had notice and which were publicly recorded.  This is especially true in this case where Rankin was appointed pursuant to a different and properly recorded power of attorney between US Bank and Nationstar.

**MEMORANDUM DECISION AND ORDER- 20**

RFT next claims because of the failure to record the power of attorney between US Bank and BANA, there are multiple possible trustees that could foreclose: the original trustee Fidelity National Title, the last successor trustee appointed by BANA which was Magnuson, and Rankin the successor trustee appointed by Nationstar pursuant to the recorded power of attorney between US Bank and Nationstar. This argument is also not persuasive. The recorded documents provide notice to subsequent purchasers (as well as to the other former trustees) which trustee is seeking foreclosure. There have been no claims by prior appointed trustees that Rankin does not have legal authority to pursue the non-judicial foreclosure. Furthermore, RFT lacks standing to make such a claim on behalf of a former trustee and if another trustee ever sought to foreclose they would have to sue Rankin, not RFT, for improperly foreclosing and recovering monies on their claim to the property. There is no risk of dual liability on the part of RFT as there is no allegation in the Complaint that another trustee is attempting to foreclose. Moreover, Idaho Code § 45-1508 grants a finality of the foreclosure sale for RFT. The Court finds this argument is not relevant, is speculative and there is remedy easily available to RFT if there were multiple trustees seeking to foreclose on the same property in the future.

Next, RFT claims it has set forth in its Complaint a cognizable claim for a violation of Idaho Code § 45-1501 Et seq. Rankin maintains he has complied with the legal requirement for a non-judicial foreclosure, therefore, RFT fails to state a claim that supports a violation has or will occur if the trustee sale proceeds.

**MEMORANDUM DECISION AND ORDER- 21**

The requirements for foreclosing on trust deeds outside of the judicial process is set forth in Idaho Code § 45-1505:

> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in mortgage records in the counties in which the property described in the deed is situated; and
>
> (2) There is a default by the grantor or other person owing an obligation the performance of which is secured by the trust deed or by their successors in interest with respect to any provision in the deed which authorizes sale in the event of default of such provision; and
>
> (3) The trustee or beneficiary shall have (a) filed for record in the office of the recorder in each county wherein the trust property, or some part or parcel, is situated, a notice of default identifying the deed of trust by stating the name or names of the trustor or trustors and giving the book and page where the same is recorded, or a description of the trust property, and containing a statement that a breach of the obligation for which the transfer in trust is security has occurred, and setting forth the nature of such breach and his election to sell or cause to be sold such property to satisfy such obligation ...
>
> (4) No action, suit or proceeding has been instituted to recover the debt then remaining secured by the trust deed, or any part thereof, or if such action or proceeding has been instituted, the action or proceeding has been dismissed.

"Additionally, once the notice of default has been recorded, the trustee must give formal notice of the trustee's sale to parties specified in the statute. *See* I.C. § 45-1506. These are the only requirements that precede foreclosure. We hold that, pursuant to I.C. § 45–1505, a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note or demonstrating that the deed of trust beneficiary has requested or authorized the trustee to initiate those proceedings." *Trotter v. Bank of New York Mellon*, 275 P.3d 857, 862 (Idaho 2012).

**MEMORANDUM DECISION AND ORDER- 22**

In reviewing the recorded documents submitted to the Court (and to which the Court has taken judicial notice of), RFT has failed to establish that Rankin has not complied with the statutory requirements for a non-judicial foreclosure of Idaho Code § 45-1505 or the notice requirements of Idaho Code § 45-1506. The Deed of Trust was recorded, assignments of the beneficial interest were recorded, appointments of successor trustees were recorded including the appointment of Rankin as trustee, RFT is in default on the debt obligation secured by the Deed of Trust, Rankin recorded a Notice of Default and a Notice of Trustee's Sale  and served the same upon RFT and the other parties required in the statute. Finally, there is no allegation in the Complaint of a pending judicial action to recover on the debt.

Pursuant to *Trotter,* Rankin need not prove the beneficiary's ownership of the Note and Deed of Trust or their request of the beneficiary's trustee to foreclose. The trustee's standing does not have to be proven to proceed with a statutory non-judicial foreclosure. Idaho Code §§ 45-1502-1515. Absent allegations that can be supported by the publicly recorded documents in this case that Rankin has failed to comply with the requirements of Idaho Code § § 45-1505 and 1506, the Court must dismiss the claim of a violation of state law and any claim for injunctive relief against Defendant Rankin.

Finally, RFT argues its claim of a violation Idaho Code § 45-1501 Et seq. should not be dismissed as the recorded documents submitted in this case support that the naming of the trust entity on the recorded documents was incorrect and breaks the chain of title for the appointment of Rankin to be valid. This is an interesting argument, but the Court finds such argument is form over substance in this specific case.

**MEMORANDUM DECISION AND ORDER- 23**

The Assignment of Deed of Trust recorded on December 19, 2011, Dkt. 15-3, transferring the beneficial interest in the Deed of Trust from MERS to US Bank as trustee for the holders of Thornburg Mortgage Securities Trust 2007-3. Specifically the 2011 assignment grants the beneficial interest to "U.S. Bank National Association, successor trustee to Bank of America, N.S., successor by merger to LaSalle Bank, N.A. as Trustee for Holders of the Thornburg Mortgage Securities Trust 2007-3." The power of attorney between US Bank and Nationstar recorded on September 10, 2014, Dkt. 32-3, signed by "US Bank National Association, as Trustee" and incorporates the trust entity known as "Thornburg Mortgage Securities Trust 2007-3, Mortgage Pass Through Certificates Series 2007-3." The Appointment of Successor Trustee naming Rankin as trustee was recorded on October 22, 2014, Dkt. 15-6, and was signed by an agent of Nationstar on behalf of "Thornburg Mortgage Securities Trust 2007-3, Mortgage Backed Notes, Series 2007-3, US Bank National Association as Indenture Trustee, successor in interest to Bank of America National Association, as Indenture Trustee, successor by merger to LaSalle Bank National Association."

The fact that the appointment of successor trustee signed and recorded by Nationstar as attorney in fact for US Bank added the additional terms of "as Indenture Trustee" in describing US Bank and BANA and puts the referenced mortgage securities trust for which US Bank is trustee for at the beginning of the description versus the end of the description does not change that US Bank is the trustee for the Holders of the "Thornburg Mortgage Securities Trust 2007-3, Mortgage Backed Notes, Series 2007-3" which is the same entity

**MEMORANDUM DECISION AND ORDER- 24**

described as   "Thornburg Mortgage Securities Trust 2007-3, Mortgage Pass Through Certificates Series 2007-3 " which is the same entity described as "Thornburg Mortgage Securities 2007-3."   Thornburg Mortgage Securities 2007-3 is the entity that holds the beneficial interest in the pool of deeds of trusts which includes the Deed of Trust executed by the Rheinschilds in 2006.

Regardless of RFT's allegation there is confusion regarding the trust that holds the beneficiary interest in the Deed of Trust, the Court finds there is no substantive confusion regarding US Bank being the trustee for the holder of the "Thornburg Mortgage Securities Trust 2007-3" as set forth on the Assignment of Deed of Trust by MERS and that Nationstar acted pursuant to a valid power of attorney from US Bank that lists Thornburg Mortgage Securities Trust 2007-3 with additional descriptive language. The additional descriptive language regarding "Mortgage Backed Securities" or "Mortgage Pass Through Certificates" using the same Thornburg Mortgage Securities Trust 2007-3 reference does create confusion or a new trust entity.  Asset backed securities, mortgage backed securities and mortgage pass through certificates are all descriptive terms for the Thornburg Mortgage Securities Trust 2007-3 which is registered with the SEC as an asset-backed security.

The Court notes it is undisputed fact that the Securities and Exchange Commission's (SEC) filings show only *one* security entitled "Thornburg Mortgage Securities Trust 2007-3" (Dkt. 32-7 and Affidavit of Loll) and that such security has been assigned the Standard Industrial Code of 6189 for "Asset-Backed Securities" which is the same thing as "Mortgage Backed Securities 2007-3" or "Mortgage Pass Through Certificates Series 2007-3." Affidavit

**MEMORANDUM DECISION AND ORDER- 25**

of Loll and Magnuson, Dkts. 42-3, 56 and 32-7.  There is no factual support for an allegation by RFT that the trust entity identified in the relevant recorded documents is incorrectly identified or that there is confusion over which trust has a beneficial interest in the Deed of Trust at issue in this case.

US Bank is trustee for the holders of the "Thornburg Mortgage Securities Trust 2007-3" and that description of the trust entity is sufficient even without reference to the trust being comprised of mortgage pass through certificates or mortgage backed securities or asset-backed securities. The SEC classification description or equivalent description of the type of securities contained in the Thornburg Mortgage Securities Trust 2007-3 is not necessary for the valid transfer of beneficial interest from MERS to US Bank as trustee for Thornburg Mortgage Securities Trust 2007-3. The proper trust (Thornburg Mortgage Securities Trust 2007-3) was included in 1) the assignment to US Bank by MERS, 2) the power of attorney by US Bank to Nationstar and 3) in Nationstar's appointment Rankin as successor trustee. Because the name of the trust holding the beneficial interest was properly named in *all three* publicly recorded documents, the Court finds RFT's claim regarding US Bank, Nationstar or Rankin's authority to process the non-judicial foreclosure is legally flawed. The Court agrees with the Defendants that this "confusion" argument as to the legal description of Thornburg Mortgage Securities Trust 2007-3 appears instead to be a delay tactic on the part of RFT to postpone the sale of the Property via a valid and properly recorded non-judicial foreclosure process.

**MEMORANDUM DECISION AND ORDER- 26**

Stated another way, there is no confusion over which trust entity holds a beneficial interest in the Deed of Trust or that US Bank represents Thornburg Mortgage Securities Trust 2007-3. The trust entity referenced on the recorded documents is sufficient, although slightly more specific on some documents, to identify the correct trust that holds an interest in the Deed of Trust for the Property being foreclosed. All the names used are names for the same entity. The longer names simply add descriptive terms to the shorter name of "Thornburg Mortgage Securities Trust 2007-3" which is properly included on each recorded document. The order of where "Thornburg Mortgage Securities Trust 2007-3" is listed is not determinative of whether or not the recorded documents are legally valid. This is a hyper technical argument highlighting a distinction without a difference.

Nationstar Vice President A. J. Loll has filed affidavits indicating the trust entities listed on the recorded documents are the same entity. Affidavits of A. J. Loll, Dkts. 42-3 and 56. The alleged legality of the identification of the underlying trust has been established and Plaintiff has not provided *any* case law that supports the argument that subsequently added descriptive terms relating to the underlying trust entity are sufficient to break the chain of title in this case or to prevent a motion to dismiss or motion for summary judgment from being granted.[4] Plaintiff has not rebutted the recorded documents and has failed to establish

---

[4]The Court agrees with Nationstar and US Bank, that Plaintiff's identification of the legal name of the family trust has also been incomplete in that the warranty deeds transferring the property to the trust (Dkts. 42-12, 42-13, 42-14) refer to the "Rheinschild Family Trust dated May 18, 2001" and Plaintiff claims it has standing in this case when it refers to Plaintiff only as "Rheinschild Family Trust." To apply Plaintiff's hyper technical argument to their own pleadings for not using the full legal name for the trust would arguably
(continued...)

**MEMORANDUM DECISION AND ORDER- 27**

a genuine issue of material fact regarding the Thornburg Mortgage Securities 2007-3 entity. Most importantly, Plaintiff has failed to present factual allegations that Rankin has not fully complied with the legal requirements for a non-judicial foreclosure in Idaho.

So the ultimate question in this case can now be answered by *Trotter v. Bank of New York Mellon*, 275 P.3d 857 (Idaho 2012) which is directly on point and is the applicable substantive Idaho law that applies to the facts of this case. As much as Plaintiff wants to argue the foreclosure should be a judicial foreclosure and it should be allowed to add a new claim to contest whether US Bank had authority from Thornburg Mortgage Securities Trust 2007-3, Plaintiff simply does not have the right under Idaho law to change the process from a non-judicial foreclosure authorized under Idaho law to a judicial foreclosure. The legislature created the non-judicial foreclosure process to streamline foreclosures where defaults have occurred and specific requirements are met. Here, the Court has determined that MERS properly assigned its interest to US Bank as trustee for Thornburg Mortgage Securities Trust 2007-3 in compliance with Idaho Code § 45-1503. US Bank recorded its power of attorney given to Nationstar to service the Note and Deed of Trust, Nationstar properly recorded an appointment of Rankin as successor trustee making such appointment valid pursuant to Idaho Code § 45-1504. Therefore, as a matter of law for purposes of this non-judicial foreclosure, Rankin was vested with the powers of the original trustee and he properly recorded and provided notice to RFT of the Notice of Default and Notice of

---

[4](...continued)
defeat Plaintiff's standing to even bring this action.

**MEMORANDUM DECISION AND ORDER- 28**

Trustee's Sale. Idaho Code §§ 45-1503 through 45-1506. The statute does *not* require Rankin prove the ownership of the underlying note or demonstrating the deed of trust beneficiary requested or authorized the trustee to initiate the non-judicial foreclosure proceedings. *Trotter* at 862.

*Trotter* specifically holds that the non-judicial foreclosure statute does not require the trustee [Rankin] to prove it has "standing" before foreclosing. This is exactly what RFT is seeking in attempting to argue a break in the chain of title of trustee authority or that it should have more time to force US Bank (who has produced the original Note)[5] to now produce the document creating their trustee relationship with Thornburg Mortgage Securities Trust 2007-3 to show US Bank had authority to appoint Nationstar. No where does RFT explain how this Court can ignore the well-established Idaho law on non-judicial foreclosures. Instead, RFT argues, without citing legal authority, the Court "should" ask for more proof on collateral matters that are not required by the statute. The Court cannot legislate additional requirements that do not exist in the applicable statute.

The Court finds none of RFT's additional demands are relevant to the non-judicial foreclosure procedure in this matter. The facts are undisputed that RFT is in default and has been for an extended period of time and that the statutory requirements of Idaho Code § 45-1501 Et seq. have been fully complied with. RFT's arguments are without legal merit and must be rejected.

---

[5]The Court finds that pursuant to a non-judicial foreclosure, the beneficial holder does not need to "produce the note" in order to proceed with the foreclosure. *Hobson v. Wells Fargo Bank*, N.A., 2012 WL 505917 (D. Idaho 2012).

**MEMORANDUM DECISION AND ORDER- 29**

Here, like *Trotter*, the Court finds the record is undisputed that the appointment of successor trustee, notice of default and notice of trustee sale complied with the statutory requirements and were recorded as specified in the statute and US Bank, Nationstar and Rankin met the requirements of Idaho Code §§ 45-1501 Et seq. RFT may not rest upon mere allegations, speculation or denials, but must set forth specific facts showing there are genuine issues for trial, it has failed to do so. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). RFT has failed to state a claim upon which relief can be granted for a violation of Idaho Code § 45-1501 Et seq. or created a genuine issue of material fact that would prevent summary judgment from be granted. For all these reasons set forth in this Order, all the claims in Counts 1 - IV should be dismissed as a matter of law as to Defendants Rankin, US Bank and Nationstar.

### 4. Motion to Amend Complaint and Join Necessary Parties

RFT seeks leave of the Court to amend its Complaint to add claim for negligence per se because Defendants violated Idaho's foreclosure statutes as well as a civil conspiracy cause of action. RFT also seeks to join the Thornburg Trust as a necessary party. Defendants object arguing the amendments would be futile. The Court agrees.

Pursuant to Fed. R. Civ. P. 15(a), leave to amend a pleading "shall be freely given when justice so requires."  However, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  A court should deny a motion to amend "if permitting such an amendment would prejudice the opposing party,

**MEMORANDUM DECISION AND ORDER- 30**

produce an undue delay in the litigation or result in futility for lack of merit." *Id.*  Factors to consider in deciding a motion to amend include: bad faith, undue delay, prejudice to the opposing party, the futility of amendment; and whether plaintiff has previously amended its complaint.  *Forman v. Davis*, 371 U.S. 178, 182 (1962).  The burden of establishing prejudice is on the party opposing amendment.  *DCD Program v. Leighton*, 833 F.2d 183 (9th Cir. 1987).

The Court has determined as a matter of law that the Idaho foreclosure statute has not been violated  and that the Thornburg Mortgage Securities Trust 2007-3 is not a necessary party as its interests are represented by its trustee, US Bank, and that the appointment of Rankin by Nationstar as successor trustee was pursuant to a valid recorded power of attorney from US Bank to Nationstar, and that Rankin satisfied Idaho Code §§ 45-1505 and 45-1506, so the non-judicial foreclosure should proceed. Having found RFT has no valid  challenges to the non-judicial foreclosure action, an amendment to add this claim for negligence per se would be futile, prejudicial to the opposing parties and appears to be solely for purposes of delay. .

As to the request to add a civil conspiracy claim, such a claim is not a claim upon which relief can be granted as it is merely a means by which liability for an underlying cause of action may be extended to another party, the conspirator. *St. Alphonsus Diversified Care, Inc. v. MRI Assocs., LLP*, 334 P.3d 780. Fn. 4 (Idaho 2014). Therefore allowing this amendment would also be futile.

**MEMORANDUM DECISION AND ORDER- 31**

The Court has previously addressed why the Thornburg Trust is not a necessary or indispensable party in this action. Further, the Court has determined under a non-judicial foreclosure action RFT cannot require the trustee, Rankin, to prove his authority. The Plaintiff's motion to amend is denied.

### 5. Motion to Amend/Correct Answer to Complaint

US Bank seeks to amend its Answer to include a counterclaim and third party claim for judicial foreclosure. The Court finds this request is moot as the Court has determined Rankin can lawfully proceed with the non-judicial foreclosure of the Property.

### 6. Motion for Preliminary Injunction

As discussed earlier, this motion for injunctive relief must be denied based on the Court's granting of Defendants' dispositive motions to dismiss or for summary judgment.

## ORDER

**IT IS ORDERED:**

1) Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction  is (Dkt. 2) is **DENIED.**

2) Defendant Bank of America's Motion to Take Judicial Notice (Dkt. 15) and Defendant Rankin's Motion to Take Judicial Notice (Dkt. 32) are GRANTED.

3) Defendant Bank of America's Motion to Dismiss (Dkt. 16) is GRANTED.

4) Defendant Rankin's Motion to Dismiss (Dkt. 31) is GRANTED.

5)      Defendants Nationstar Mortgage, LLC and U.S. Bank, N.A.'s Motion for Summary Judgment (Dkt. 42) is GRANTED

6)      Plaintiff's Motion to Strike the Motion for Summary Judgment Affidavit of A.J. Loll (Dkt. 49) is DENIED.

7)      Plaintiff's Motion for Relief Pursuant to Rule 56(d) (Dkt. 50) and Motion for Stay (Dkt. 68) are DENIED.

8)      Plaintiff's Motion to Amend and Join Necessary Parties (Dkt. 89) is DENIED.

9)      Defendant U.S. Bank's Motion to Amend/Correct Answer to Complaint (Dkt. 92) is DENIED AS MOOT.

10)     Defendant Nationstar's Motion to Expedite Ruling on Motion for Preliminary Injunction (Dkt. 44) is DENIED AS MOOT.

11)     Based on Court's determination Plaintiff's arguments lack merit, the length of time this matter has been pending and the amount of the default at issue exceeding $2,472,729 (see Dkt. 30, p. 4), the Court finds any further delay unfairly prejudices Defendants and for that reason the Court will not entertain any motions for reconsideration on this Order.

12)     Defendants shall submit a proposed order to the Court to be recorded by in order to vacate or void the lis pendens filed by Plaintiff on June 8, 2015.


DATED:  **March 24, 2016**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER- 33**